UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-21299-CIV-JORDAN/TORRES

JUAN TAMAYO and
MIAMI HERALD MEDIA CO.,
publisher of The Miami Herald,

      Plaintiffs,

vs.

UNITED STATES DEPARTMENT
OF JUSTICE and UNITED STATES
DEPARTMENT OF THE NAVY,

      Defendants.
_____/

## DISCOVERY ORDER

This matter is before the Court on a pending discovery dispute in this case arising from Plaintiff's request for admissions served on the Defendants in this FOIA action. In compliance with the Court's Order entered November 28, 2007, the parties have each filed memoranda in support of their positions. The pending discovery dispute is thus ripe for disposition. For the reasons that follow, the Court will for now deny Plaintiffs' request for an order compelling responses to the requests for admission.

### I.  BACKGROUND

Plaintiffs filed this action under the Freedom of Information Act, 5 U.S.C. § 552, ("FOIA"), concerning two FOIA requests made by plaintiff Juan O. Tamayo, a reporter for the *Miami Herald*. The records requested by plaintiff Tamayo under the FOIA were specific non-public records pertaining to Alberto Coll, whom plaintiff identified in his requests as a department chairman at the U.S. Naval War College. Coll pled guilty in 2005 to charges that

he made knowingly false statements to government officials in violation of 18 U.S.C. § 1001. Plaintiff Tamayo requested records of an admission allegedly signed by Coll at a Navy facility in late 2003 or early 2004 and other documents, statements, electronic surveillance logs, electronic intercepts, audio and video data and any other intercepts gathered as a result of the investigation of Coll. Plaintiff generally requested any documents or materials in the Department of Justice's or the Navy's possession that were not contained in the court file related to the Coll's criminal prosecution.

The Department of Justice and the Navy denied Plaintiff's FOIA requests based upon claims of exemption under FOIA for law enforcement and privacy reasons. Plaintiff's administrative appeals of those decisions were also denied. Plaintiff Tamayo and the *Miami Herald* then filed the pending action under the statute seeking to compel production of the requested documents from the Department of Justice and the Navy.

Following the filing of the action, but before the parties' summary judgment motions were filed or responded to, Plaintiffs served thirteen requests for admission on the Defendants that request the Defendants admit that Coll pled guilty to the federal criminal charges, that he was convicted and sentenced for the charges, that he held specific government positions, that specific documents related to this action or the Coll prosecution be authenticated, and that the government was in fact in possession of documents responsive to the FOIA request at issue.

The Defendants objected to all the requests for admissions and did not provide any responsive information. Plaintiffs complied with the Court's Discovery Procedures Order and requested that the Court review this matter and compel answers to the admissions requests. The Defendants stand by their initial objections to the requests based upon the limited nature of this FOIA proceeding, arguing that FOIA actions are generally resolved on motions for

summary judgment without additional discovery. Defendants do not contend that the admissions request are onerous or burdensome, but instead rely upon the application of the general rule that forecloses such discovery in a FOIA action, at least without an additional showing following the filing of the summary judgment papers that some discovery is necessary for the Court to make its determination.

## *II.  ANALYSIS*

As a general rule, courts have disallowed discovery in FOIA actions or have permitted discovery, when deemed necessary, only on a limited basis. *See, e.g., Wheeler v. C.I.A.,* 271 F. Supp. 2d 132, 139 (D.D.C. 2003) ("Discovery is generally unavailable in FOIA actions."); *Schiller v. I.N.S.,* 205 F. Supp. 2d 648, 654 (W.D. Tex. 2002) ("Typically, discovery is not part of a FOIA case, and the decision whether to allow discovery rests within the discretion of the district court judge. . . . When discovery is permitted it is to be 'sparingly granted.'"). Normally, when discovery is allowed in a FOIA action, it is deemed appropriate only after the agency has moved for summary judgment and submitted supporting affidavits or declarations. *See, e.g., Miscavige v. I.R.S.,* 2 F.3d 366, 369 (11th Cir. 1993) (discovery depositions are inappropriate until the government has the chance "to provide the court with the information necessary to make a decision on the applicable exemptions"); *Florida Immigrant Advocacy Center v. National Security Agency,* 380 F. Supp. 2d 1332, 1341 n.6 (S.D. Fla. 2005); *Murphy v. F.B.I.,* 490 F. Supp. 1134, 1136-38 (D.D.C. 1980); *Simmons v. Department of Justice,* 796 F.2d 709, 711-12 (4th Cir. 1986).

Discovery is usually not allowed at all if the Court is satisfied that the affidavits/declarations submitted by the agency are sufficiently detailed, non-conclusory, and submitted in good faith. *See, e.g., SafeCard Servs., Inc. v. S.E.C.,* 926 F.2d 1197, 1200-02 (D.C. Cir. 1991); *Grand Central Partnership, Inc. v. Cuomo,* 166 F.3d 473, 489 (2nd Cir. 1999);

*Military Audit Project v. Casey,* 656 F.2d 724, 750-52 (D.C. Cir. 1981); *Halperin v. Central Intelligence Agency,* 629 F.2d 144, 148 (D.C. Cir. 1980).

Discovery is permitted when there is a genuine issue as to the adequacy of the agency's search, its identification and retrieval procedures, or its good/bad faith. *See, e.g., Weisberg v. Department of Justice,* 627 F.2d 365, 371 (D.C. Cir. 1980); *Shurberg Broadcasting of Hartford, Inc. v. FCC,* 617 F. Supp. 825, 832 (D.D.C. 1985); *Public Citizen Health Research Group v. FDA,* 997 F. Supp. 56, 72-73 (D.D.C. 1998), *aff'd in part, rev'd in part,* 185 F.3d 898 (D.C. Cir. 1999). Usually after the agency has moved for summary judgment, limited discovery can be allowed when the plaintiff can show evidence of agency bad faith or that an exemption should not apply. *Judicial Watch, Inc. v. Department of Justice ("Judicial Watch II"),* 185 F. Supp. 2d 54, 65 (D.D.C. 2002); *see also Carney v. Department of Justice,* 19 F.3d 807, 812 (2nd Cir. 1994); *Heily v. Department of Commerce,* 69 Fed. Appx. 171, 174 (4th Cir. 2003) (when permitted discovery "generally is limited to the scope of agency's search and its indexing and classification procedures"). But even if an agency's affidavits regarding its search are deficient, courts often still do not grant discovery but instead direct the agency to supplement its affidavits. *See Judicial Watch II,* 185 F. Supp. 2d at 65.

If no such showing is made, however, a court has discretion to deny discovery if the FOIA action can be resolved on summary judgment. *Schrecker v. Department of Justice,* 217 F. Supp. 2d 29, 35 (D.D.C. 2002) ("Discovery in FOIA is rare and should be denied where an agency's declarations are reasonably detailed, submitted in good faith and the court is satisfied that no factual dispute remains."), *aff'd,* 349 F.3d 657 (D.C. Cir. 2003); *Military Audit Project v. Casey,* 656 F.2d 724, 751-52 (D.C. Cir. 1981) (discovery is not warranted "when it appears that discovery would only . . . afford [the plaintiff] an opportunity to pursue a bare hope of falling upon something that might impugn the affidavits.") (internal quotations omitted); *see*

*also Broaddrick v. Executive Office of President,* 139 F. Supp. 2d 55, 63-64 (D.D.C. 2001) (court may deny discovery when the plaintiff's efforts amount to a "bare hope of falling upon something that might impugn the affidavits"); *Schleeper v. Department of Justice,* 1999 WL 325515, at *1 (D.C. Cir. 1999) (affirming district court's denial of discovery).

Faced with this heavy weight of authority discouraging the use of discovery tools in FOIA cases, Plaintiffs argue that the discovery they are requesting is much more limited, not onerous, and primarily designed to facilitate resolution of the issues that are raised here. The Court's review of the record shows, however, that the issues involved are fundamentally legal ones. Specifically, Plaintiffs must show that the claimed exemptions do not apply to the types of documents that are being sought, or that even if those exemptions could have applied in theory they are not relevant to these documents. For instance, Plaintiffs argue that any privacy interests that could have been protected by not providing the documents are largely moot based upon what is now known in the public record. Thus, Plaintiffs argue, as they have in response to the pending summary judgment motion, these documents do not trigger the types of concerns that the exemptions were designed to address.

Yet a review of the pending discovery requests shows that, if answered, they shed very little light on how these legal issues should be resolved. Many of the requests seek to authenticate specific documents that Plaintiffs rely upon. But, there appears to be little dispute as to the core facts that flow from those documents. And, to the extent there is such a dispute, the summary judgment procedure would highlight its existence. Therefore, the Court sees only marginal necessity with respect to many of the admissions requests at issue here.

With respect to other categories of admissions requests, the Court's review of the record does not reveal that there is any substantive issue that would warrant paper discovery, at

least on this record. The admissions requests do not pertain to those issues upon which discovery is generally allowed in FOIA actions – the scope of the search for responsive records and the agency's indexing and classification procedures. *E.g., Public Citizen Health Research Group,* 997 F. Supp. at 72. In fact, in this case, as indicated by the agencies' responses, searches were not conducted because Plaintiff Tamayo provided no basis upon which the agencies could determine that disclosure of the requested records could not reasonably be expected to constitute an unwarranted invasion of personal privacy. Thus, to the extent the agencies' legal position is deemed meritless, Plaintiffs may then be able to make an argument that FOIA discovery may be required. But at this point that showing cannot be made.

Additionally, Request No. 10 asked Defendants to confirm that there are existing non-public documents responsive to plaintiff's requests in defendants' possession. Discovery aimed at obtaining information as to the content of requested documents that are being withheld is not ordinarily permitted. *See Pollard v. FBI,* 705 F.2d 1151, 1154 (9th Cir. 1983). This type of response to a FOIA request is appropriate where disclosure that certain records are in fact kept would jeopardize the privacy interests preserved under FOIA. *See Antonelli v. F.B.I.,* 721 F.2d 615, 617-18 (7th Cir. 1983). Here, acknowledging that specifically described documents exist in defendants' files would provide information concerning these requested documents. Plaintiffs have not shown why they should be entitled to this type of information through the civil discovery mechanism.

Moreover, Request Nos. 4 and 5 seek admissions that Alberto Coll held a particular government academic position at the time he committed the offense of which he was convicted and that he held another position at some time in the past. Plaintiffs are attempting to use discovery to obtain additional information regarding Coll. But these efforts to use discovery

in FOIA litigation merely as a tool to obtain information that might be helpful to them are clearly inappropriate.

That being said, given the relatively limited scope of the admissions requests Defendants could have simply responded to the requests with little fanfare and negligible negative effects. But the Court cannot force Defendants to abandon their legally sustainable overall objection that such discovery tools are not appropriate in FOIA actions, at least based upon the showing of necessity that has been made here.

Therefore, at this point the Court must agree with Defendants' legal position. Plaintiffs can obtain judicial relief more appropriately by asking the Court to review some of the relevant documents in camera, to the extent Plaintiffs can overcome Defendants' summary judgment argument that the exemptions squarely apply to these types of FOIA requests. *See, e.g., Florida Immigrant Advocacy Center,* 380 F. Supp. 2d at 1338-39 (conducting in camera review to determine if claimed exemptions applied to FOIA requests). The Court's review of the summary judgment motion could also compel the Court to allow some factual discovery if truly necessary. But Plaintiffs, at this point, have not shown that discovery is materially required to address the issues raised in the pending summary judgment motion. The general rule that federal courts, like this one, have historically applied to FOIA actions must govern the present discovery dispute. *Id.* (generally agencies' affidavits coupled with in camera review of requested documents "provide an 'ample factual base' upon which I can conclude that the agency has properly responded to Plaintiff's FOIA request") (citing *Miscavige v. I.R.S.,* 2 F.3d 366, 368-69 (11th Cir. 1993)).

\* \* \*

### *III.  CONCLUSION*

For the foregoing reasons, the Plaintiffs' request that the Court compel Defendants to fully respond to the admissions requests served in this case is **DENIED**.

**DONE AND ORDERED** in Chambers, Miami, Florida this 13th day of February, 2008.

EDWIN G. TORRES
United States Magistrate Judge