UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE NO. 07-21299-CIV-JORDAN

| | |
|---|---|
| JUAN TAMAYO, et. al. | ) |
| Plaintiffs | ) ) |
| vs. | ) ) |
| UNITED STATES JUSTICE DEPARTMENT, et. al., | ) ) ) |
| Defendants | ) ) |

**ORDER ON MOTIONS FOR SUMMARY JUDGMENT**

For the reasons stated below, the defendants' motion for summary judgment [D.E. 27] is GRANTED and the plaintiffs' motion for summary judgment [D.E. 35] is DENIED.

**I. FACTS AND PROCEDURAL HISTORY**

This case has a long and complicated history. Alberto Coll is a former deputy secretary of defense and chairman of the Naval War College's strategic research department. In February of 2005, Mr. Coll pled guilty to making a false, fictitious, and fraudulent statement to the Department of State and the Department of Defense, in violation of 18 U.S.C. § 1001. Mr. Coll misrepresented the purpose of a January 2004 trip to Cuba when he claimed that he wished to visit his sick aunt. He was sentenced to one year of probation and fined $5,100. In July of 2005, *The Miami Herald* filed a Freedom of Information Act request, *see* 5 U.S.C. § 552, with the Department of Justice and the Department of Defense asking for records related to the criminal investigation of Mr. Coll. The Department of Defense forwarded the request to the Navy. Both the Department of Justice and the Navy denied *The Miami Herald*'s requests, asserting that any responsive records were exempt from disclosure under FOIA.

Juan Tamayo, a journalist for *The Miami Herald*, along with the Miami Herald Media Company, then filed suit under FOIA requesting disclosure of records related to the criminal investigation into Mr. Coll's conduct, including any admissions signed by Mr. Coll, any paperwork that contained false statements by Mr. Coll, and any documents showing that Mr. Coll met with

Cuban intelligence officials. The plaintiffs and the defendants eventually filed cross-motions for summary judgment.

The defendants initially claimed (without searching for or locating responsive documents) that any relevant documents were exempt from disclosure under FOIA Exemptions 6 and 7. After conducting a search for relevant documents as directed by the May 5, 2008 order [D.E. 46], the Department of Justice asserted that the majority of responsive documents were classified under Executive Order 12958, and exempt from disclosure under FOIA Exemptions 1, 2, 7(C), 7(D), and 7(E). The Navy also maintained that its documents were exempt from disclosure under Exemptions 6 and 7(C).

I subsequently ordered that the defendants disclose *Vaughn*[1] indices to the plaintiffs, received supplemental briefing on the cross-motions for summary judgment after the indices were disclosed, and reviewed all the responsive documents *in camera*. I now conclude that the Department of Justice documents and the Navy documents are exempt from disclosure under the FOIA.

## II. LEGAL STANDARD

The FOIA requires federal agencies "upon any request for records which . . . reasonably describes such records" to make those records "promptly available to any person." *See* 5 U.S.C. § 552(a). The Act "provides wide-ranging citizen access to government documents and presumes them subject to disclosure absent a clear showing to the contrary." *Ely v. FBI*, 781 F.2d 1487, 1489 (11th Cir.1986) (*citing FBI v. Abramson*, 456 U.S. 615, 621 (1982)). An agency may withhold documents that fall within express exemptions, including documents that are properly classified pursuant to an executive order (Exemption 1), information from personnel files where disclosure would "constitute a clearly unwarranted invasion of personal privacy (Exemption 6), and "records or information compiled for law enforcement purposes" that "could reasonably be expected to constitute an unwarranted invasion of privacy" (Exemption (7)(C)). *See* § 552(b)(1), (7)(C). "If an agency improperly withholds any documents, the district court has jurisdiction to order their production." *DOJ v. Reporters Comm. for Freedom of the Press*, 489 U.S. 749, 755 (1989). An agency has the

---

[1] A *Vaughn* index " is a detailed index showing justification for withholding each document." *Miscavige v. IRS*, 2 F.3d 366, 367 (11th Cir. 1993) (citing *Vaughn v. Rosen*, 484 F.2d 820 (D.C. Cir.1973)).

burden to "sustain its action" and the district court must "determine the matter de novo." *See* § 552(a)(4)(B).

To determine whether disclosure of requested documents is appropriate, a court may conduct an *in camera* inspection of the documents, review a *Vaughn* index showing a detailed "justification for withholding each document," and/or review affidavits describing the contents of the documents. *See Miscavige*, 2 F.3d at 367. "Generally, FOIA cases should be handled on motions for summary judgment, once the documents at issue are properly identified." *Id*. at 369. A motion for summary judgment should be granted when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *See* Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Where the non-moving party fails to prove an essential element of its case for which it has the burden of proof at trial, summary judgment is warranted. *See Celotex Corp.*, 477 U.S. at 323. That is, "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting *First Nat'l Bank of Ariz. v. Cities Serv. Co.,* 391 U.S. 253, 289 (1968)). The court "must view all the evidence and all factual inferences reasonably drawn from the evidence in the light most favorable to the nonmoving party," *see Stewart v. Happy Herman's Cheshire Bridge, Inc.,* 117 F.3d 1278, 1285 (11th Cir. 1997), and "resolve all reasonable doubts about the facts in favor of the nonmovant." *See United of Omaha Life Ins. v. Sun Life Ins. Co.*, 894 F.2d 1555, 1558 (11th Cir. 1990). "In a suit brought to compel production pursuant to FOIA, where there are cross-motions for summary judgment, an agency is entitled to summary judgment if no material facts are in dispute and if it demonstrates that each document that falls within the class requested either has been produced or is wholly exempt from the Act's inspection requirements." *Fla. Immigrant Advocacy Ctr. v. Nat'l Sec. Agency*, 380 F. Supp. 2d 1332, 1336-37 (S.D. Fla. 2005) (internal citation omitted).

### III. ANALYSIS

As noted earlier, I have conducted an *in camera* review of the records produced by the Department of Justice and the Navy. I analyze separately whether these records should be disclosed under the FOIA.

### A. DOJ RECORDS

The DOJ located numerous records responsive to the plaintiffs' FOIA request, including documents, DVDs, and other electronic records. The DOJ asserts that the records bates numbered 1-146, 149-151 160-162, and 172-355 -- the vast majority of the records located -- should be withheld under FOIA Exemption 1 because they are properly classified as "secret." The DOJ also asserts that the remaining records, bates numbered 147-148, 152-159, and 163-171, and the unclassified portions of records 18, 19, 27, 28, 69, 77, 78, 79, 80, 82, 83, 84, 149-151,160-62, 265, 281, 310, and 346-48 are properly withheld under Exemption 7(C). I agree and conclude that all of the DOJ records are properly withheld under these exemptions.[2]

### 1. FOIA EXEMPTION 1
### ( NATIONAL SECURITY)

FOIA Exemption 1 allows an agency to withhold records that are "specifically authorized under criteria established by an Executive order to be kept secret in the interest of national defense or foreign policy" and that "are in fact properly classified pursuant to such Executive Order." *See* § 552(b)(1). To show that a record is properly withheld under Exemption 1, the agency must demonstrate "(1) that it has followed proper classification procedures and (2) that the document 'logically falls within the claimed exemption.'" *See Fla. Immigrant Advocacy Ctr.*, 380 F. Supp. 2d at 1339 (citing *Hayden v. Nat'l Security Agency*, 608 F.2d 1381, 1384 (D.C. Cir. 1979)). Executive Order 12958 dictates that documents that disclose "intelligence activities, sources and methods" and "foreign relations or foreign activities" may warrant classification to protect national security. *See* Exec. Order No. 12958.

To support its motion for summary judgment, the DOJ submitted the declaration of David M. Hardy, an individual designated by the U.S. Attorney General with "original classification authority and declassification authority pursuant to Executive Order 12958, as amended." *See* Hardy Declaration at 2 [D.E. 59-1].[3] Mr. Hardy asserts that the records identified in the FBI's *Vaughn* index

---

[2]The DOJ and Navy also asserted that some of the records were properly withheld under additional FOIA exemptions. Because I find that all of the records are properly withheld under Exemptions 1, 6, or 7(C), I do not address whether other exemptions might also apply.

[3]The plaintiffs claim that the DOJ has not met its burden in showing that the classified records should be withheld under Exemption 1 because Mr. Hardy's declaration does not explain with reasonable specificity why the classified documents would damage national security. It is true that when a court relies on affidavits alone to determine whether documents are subject to a FOIA

4

as withheld pursuant to Exemption 1 were classified at the "secret" level according to the appropriate procedures under Executive Order 12958, as amended, and that "unauthorized disclosure of this information reasonably could be expected to cause serious damage ("secret") to national security." *See id*. at 5-6. Because the "Executive departments responsible for national defense and foreign policy matters have unique insights into what adverse affects (sic) might occur as a result of public disclosures of a particular classified record," I am "required to 'accord substantial weight to an agency's affidavit concerning the details of the classified status of the disputed record.'" *See Military Audit Project v. Casey*, 656 F.2d 724, 738 (D.C. Cir. 1981) (citation omitted). Thus, I find that DOJ followed the proper classification procedures.

In addition, *in camera* review of the classified records at issue demonstrates that they "logically fall[ ] within the claimed exemption" because there are reasonable grounds for expecting harm to national security if the records were disclosed. *See Fla. Immigrant Advocacy Ctr.*, 380 F. Supp. 2d at 1339. Disclosure of any of the records -- including polygraph reports, recorded phone conversations, interviews, and emails -- would reveal the FBI's methods and sources of gathering intelligence. The records here uniquely implicate national security because disclosure would reveal the methods and sources applied in an investigation of a government official. As a result, I accord deference to the FBI's determination that the records are properly classified, and conclude that the classified portions of FBI records bates numbered 1-146, 149-151, 160-162, and 172-355 may be withheld under Exemption 1. *See, e.g.*, *Ctr. for Nat'l Sec. Studies v. DOJ*, 331 F.3d 918, 927 (D.C.

---

exemption, the agency must "explain how" disclosure would harm national security "to ensure meaningful review of an agency's claim to withhold information." *See, e.g.*, *King v. DOJ*, 830 F.2d 210, 223 (D.C. Cir. 1987). But the agency need not provide as detailed an affidavit when the court examines the disputed records *in camera*, because inspection of the records themselves allow for meaningful review. *See Campbell v. DOJ*, 193 F. Supp. 2d 29, 38 (D.D.C. 2001) (remanding case where declaration was inadequate, and stating that the district court, in its discretion, could either review the documents *in camera* or require a more detailed declaration). *See also PHE, Inc. v. DOJ*, 983 F.2d 248, 253 (D.C. Cir. 1993) (same). None of the cases the plaintiffs rely on -- for the proposition that detailed affidavits are necessary -- involve *in camera* review of the disputed records; rather, in each case, the court reviewed affidavits alone to determine whether disclosure was warranted. *See, e.g.*, *Miller v. Dep't of State*, 779 F.2d 1378, 1387 (8th Cir. 1985) (no *in camera* review); *Salisbury v. United States*, 690 F.2d 966, 970 (D.C. Cir. 1982) (same); *James Madison Project v. CIA*, 607 F. Supp. 2d 109, 122 (D.D.C. 2009) (same); *Wheeler v. CIA*, 271 F. Supp. 2d 132, 136 (D.D.C. 2003) (same); *Campbell*, 193 F. Supp. 2d at 38 (same).

Cir. 2003) (the "Supreme Court [has] expressly recognized the propriety of deference to the executive in the context of FOIA claims which implicate national security"). Because these documents are properly classified, none of the classified information is segregable and subject to disclosure. Moreover, as discussed in detail below, all unclassified portions of the records are properly withheld pursuant to Exemption 7(C). Given the sensitivity of the records at issue, I am unable to explain my conclusion in any more detail in this order, but the order -- together with the records themselves -- will allow for meaningful appellate review. *See Ellsberg v. Mitchell*, 709 F.2d 51, 61 (D.C. Cir. 1983) ("It is one of the unfortunate features of this area of the law that open discusion of how the general principles apply to particular facts is impossible.").

### 2. FOIA EXEMPTION 7(C)
### (INVESTIGATORY RECORDS COMPILED FOR LAW ENFORCEMENT PURPOSES)

As stated above, I also conclude that the FBI records that are not classified, bates numbered 147-148, 152-159, and 163-171, and the unclassified portions of records 18, 19, 27, 28, 69, 77, 78, 79, 80, 82, 83, 84, 149-151, 160-62, 265, 281, 310, and 346-48 are properly withheld under Exemption 7(C). Exemption 7(C) allows an agency to withhold "records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information. . . could reasonably be expected to constitute an unwarranted invasion of personal privacy." *See* § 552(b)(7)(C). "Personal privacy" is characterized as the "individual interest in avoiding disclosure of personal matters." *See Dep't of Just. v. Reporters Comm.*, 489 U.S. at 762. Where the subject of the records "'is a private citizen,' 'the privacy interest ... is at its apex.'" *See Nat'l Archives and Records Admin. v. Favish,* 541 U.S. 157, 166 (2004) (citation omitted).

Under Exemption 7(C), when the records sought would reveal another's personal matters or information, the plaintiff "must show that the public interest sought to be advanced is a significant one, an interest more specific than having the information for its own sake" and that the "information is likely to advance that interest." *Id*. at 172. If the plaintiff does not satisfy this burden, "the invasion of privacy is unwarranted," and the records should be withheld. *Id*. In addition, where the public interest asserted is to show that investigatory officials "acted negligently or otherwise improperly in the performance of their duties, the requester must establish more than a bare suspicion in order to obtain disclosure." Rather, "the requester must produce evidence that would warrant a belief by a reasonable person that the alleged Government impropriety might have occurred." *Id*.

In this case, the FBI records withheld pursuant to Exemption 7(C) were compiled in the course of a law enforcement investigation. *See* Hardy Declaration at 7-8. Therefore, I proceed to balance the public interests and privacy concerns to determine whether disclosure under Exemption 7(C) is appropriate.

The plaintiffs assert that the public interests requiring disclosure are the "interest in knowing whether the government's investigation . . . was comprehensive, and determining for itself whether the disciplinary measures imposed against [Mr.] Coll were adequate" as well as the interest in learning the "full extent of the illegal conduct committed by one of its Government officials." *See* Plaintiffs' Motion for Summary Judgment at 6 [D.E. 35].

The plaintiffs do not produce any evidence to establish that the DOJ failed to adequately investigate or sanction Mr. Coll. Therefore, they have not satisfied their burden of producing evidence "that would warrant a belief by a reasonable person that the alleged Government impropriety might have occurred," and disclosure of the records to reveal to the public the nature of the criminal investigation and sanction of Mr. Coll's conduct is therefore not warranted. *See Favish*, 541 U.S. at 166. Furthermore, *in camera* review shows that disclosure of the FBI records bates numbered 147-148, 152-159, and 163-171, and the unclassified portions of records 18, 19, 27, 28, 69, 77, 78, 79, 80, 82, 83, 84, 149-151,160-62, 265, 281, 310, and 346-48, is inappropriate because any public interest in "learning the full extent of Mr. Coll's illegal conduct" does not outweigh the substantial privacy interests of Mr. Coll or of the third parties mentioned in the documents.

### a. Privacy Interests

Mr. Coll has a protected privacy interest in preventing disclosure of the "personal matters" discussed in the records at issue, including the details of the investigation into his conduct. *See Reporters Comm.*, 489 U.S. at 763 ("common law and the literal understandings of privacy encompass the individual's control of information concerning his or her person"). *See also Lesar v. Dep't of Just.*, 636 F.2d 472, 487 (D.C. Cir. 1980) (government officers "have a legitimate interest in preserving the secrecy of matters that conceivably could subject them to annoyance or harassment in either their official or private lives"). Contrary to the plaintiffs' claim that he waived his privacy interest by pleading guilty to a felony, Mr. Coll retains a privacy interest in the records because disclosure could further damage his reputation by providing authoritative confirmation of the full scope of his wrongdoing. *See, e.g.*, *Kimberlin v. DOJ,* 139 F.3d 944, 949 (D.C. Cir. 1998)

7

(prosecutor who acknowledged that he was sanctioned for misconduct retained privacy interest "in avoiding disclosure of the details of the investigation, of his misconduct, and of his punishment-and perhaps, too, an interest in preventing hitherto speculative press reports of his misconduct from receiving authoritative confirmation from an official source"); *Times Picayune Pub. Corp. v. Dep't of Just.*, 37 F. Supp. 2d 472, 478 (E.D. La. 1999) (pleading guilty does not extinguish privacy interest in criminal records because "decision to plead guilty reflects [individual's] desire to avoid the adverse public exposure, and further damage to his already tarnished public image, that would have accompanied prolonged criminal proceedings and, potentially, a term in prison"). Moreover, Mr. Coll's role as a former public official does not "render [his] interest in preserving [his] personal privacy without weight." *See Office of the Capital Collateral Counsel v. Dep't of Just.*, 331 F.3d 799, 803 (11th Cir. 2003).

The FBI records withheld pursuant to Exemption 7(C) also provide details about third parties, including individuals who were not targets of the investigation, were merely persons of interest in the investigation, or were law enforcement officials involved in the investigation. These third parties have a privacy interest that must be balanced against the plaintiffs' asserted public interest. "[I]ntimate personal data" collected in the course of a law enforcement investigation implicates a privacy interest and deserves "special protection" because "[l]aw enforcement documents obtained by Government investigators often contain information about persons interviewed as witnesses or initial suspects but whose link to the official inquiry may be the result of mere happenstance." *See Favish,* 541 U.S. at 166. In addition, this privacy interest is particularly strong because association with the "material in question demonstrates or suggests they had at one time been subject to" or "involved in a criminal investigation." *See, e.g., Halpern v. FBI*, 181 F.3d 279, 297 (2nd Cir. 1999) (withholding law enforcement documents under Exemption 7(C) and holding that "there is little or no public interest in having the identities of private parties revealed because that information sheds little or no light on the FBI's performance"). Moreover, documents that reveal the identities of law enforcement personnel are properly withheld because "[p]ublic identification of any of these individuals could conceivably subject them to harassment and annoyance in the conduct of their official duties and in their private lives." *See, e.g., Nix v. United States*, 572 F.2d 998, 1006 (4th Cir. 1978).

In sum, I find that the privacy interests of Mr. Coll and of the third parties mentioned in the records are entitled to substantial weight.

### b. PUBLIC INTEREST

The plaintiffs assert a public interest in "learning the full extent of the illegal conduct committed by one of its Government officials." I find that this public interest is minimal, and does not outweigh the protected privacy interests discussed above.

When requesting documents withheld under an exemption "the requester must indicate how disclosing the withheld information 'would serve the core purpose of the FOIA, which is contributing significantly to public understanding of the operations or activities of the government.'" *See News-Press v. U.S. Dep't of Homeland Sec.*, 489 F.3d 1173, 1191 (11th Cir. 2007). Therefore, the relevant public interest balanced against individual's private interests is "[o]fficial information that sheds light on an *agency's* performance of its statutory duties." *See Quinon v. FBI*, 86 F.3d 1222, 1231 (D.C. Cir. 1996) (emphasis added) (*citing Reporters Comm.*, 489 U.S. at 773). There is no public interest in disclosure of records that show a public official's wrongdoing when the records "reveal[ ] little or nothing about an agency's own conduct." *See Quinon v. FBI*, 86 F.3d 1222, 1231 (D.C. Cir. 1996). Because the purpose of the FOIA is to reveal agency action, the Act does not recognize a public interest in a government official's illegal conduct where the conduct reveals nothing about an agency's function. *See id.*; *Nation Magazine, Washington Bureau v. U.S. Customs Service*, 71 F.3d 885, 894-95 (D.C. Cir. 1995). I find that there is little or no substantial public interest in disclosure that outweighs the privacy interests of Mr. Coll and the third parties mentioned in the documents. *In camera* review demonstrates that the records withheld pursuant to Exemption 7(C) are only minimally probative of whether Mr. Coll engaged in wrongdoing in his official capacity or in furtherance of his governmental duties, and provide little relevant information about agency conduct. Therefore, the balance of the substantial private interest against the public interests served by disclosure shows that the documents bates numbered 147-148, 152-159, and 163-171, and the unclassified portions of records 27, 28, 69, 77, 78, 79, 80, 82, 83, 149-151, 160-62, 265, 281, 310, and 346-48, are properly withheld pursuant to Exemption 7(C).

In the alternative, even if I were to accord more weight to the public interest in learning the extent of Mr. Coll's wrongdoing, I find that the substantial privacy interests of Mr. Coll and the third parties mentioned in the documents outweighs the public interest in learning the extent of his

unlawful conduct. I further find that none of these records contain reasonably segregable portions subject to release. *See* § 552(b) ("Any reasonably segregable portion of a record shall be provided to any person requesting such record after deletion of the portions which are exempt").

### B. NAVY DOCUMENTS

The Navy located 30 documents as responsive to the plaintiffs' FOIA request and withheld these documents under FOIA Exemption 6.[4] I find that these documents are properly withheld.

### 1. FOIA EXEMPTION 6
### (PERSONNEL FILES)

Exemption 6 allows the Navy to withhold "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy." *See* 5 U.S.C. § 552(b)(6). "Exemption 6 applies broadly to 'detailed Government records on an individual which can be identified as applying to the individual.'" *Office of Capital Collateral Counsel*, 331 F.3d at 802 (*quoting U.S. Dep't of State v. Washington Post Co.*, 456 U.S. 595, 602 (1982)). "The threshold is fairly minimal and all information which applies to a particular individual is covered by Exemption 6, regardless of the type of file in which it is contained." *Coleman v. Lappin*, 680 F.Supp.2d 192, 196 (D.C. Cir. 2010). Each of the documents withheld by the Navy pursuant to Exemption 6 is a "detailed Government record on an individual which can be identified as applying to the individual." *See id*.

Although Exemption 6 is less protective than Exemption 7(C), *see Favish*, 541 U.S. at 165-66, a court employs a similar test to determine whether disclosure is warranted and balances "the individual's right of privacy against the basic policy of opening agency action to the light of public scrutiny." *Id*. (*citing Reporters Comm.*, 489 U.S. at 762).

### a. PRIVACY INTEREST

As discussed above, Mr. Coll retains a privacy interest in the responsive documents. Here, the only responsive information contained in the records withheld under this exemption is personal

---

[4]The Navy also claims that some of the records are properly withheld under Exemption 7(C). The Navy, however, failed to establish -- through a declaration or other sworn proof -- that these documents were compiled in the course of a law enforcement investigation. *See Quinon*, 86 F.3d at 1228 ("To withhold a document pursuant to Exemptions 7(C) and (D), an agency must make a threshold showing that it was "compiled for law enforcement purposes"). I therefore analyze whether the Navy documents are properly withheld under Exemption 6 alone.

identification information of Mr. Coll and third parties. Mr. Coll has an interest in maintaining the privacy of his personal identification information. *See, e.g., Dep't of Def. v. Fed. Labor Relations Auth.*, 510 U.S. 487, 500 (1994) (public employees have a right to privacy for personal identification information); *Barvick v. Cisneros*, 941 F. Supp. 1015, 1020 (D. Kan. 1996) (same). Moreover, third parties with information contained in requested records have a cognizable privacy interest as well. *See Office of Capital Collateral Counsel*, 331 F.3d at 804 ("the third parties identified in [the withheld documents] themselves have privacy interests that must be balanced against the public interest in disclosure"). Accordingly, both Mr. Coll and the associated third parties have a protected privacy interest in the documents.

### b. PUBLIC INTEREST

As discussed above in detail above, the asserted public interest in the extent of Mr. Coll's wrongdoing is minimal because the records are only minimally probative of whether Mr. Coll engaged in wrongdoing in his official capacity or in furtherance of his governmental duties, and provide little relevant information about agency conduct. Moreover, the plaintiffs' asserted public interest in determining whether the government's investigation into Mr. Coll's activities was thorough and whether the punishment was adequate is essentially an assertion that the investigating and sanctioning officials and agencies may have acted negligently or improperly in their investigation or sanction of him. Under Exemption 6, as under Exemption 7(C), to assert a public interest based on agency negligence or malfeasance the requesting party must assert "more than unsupported allegations that an agency is not doing its job." *See Consumers' Checkbook Ctr. for the Study of Servs. v. U.S. Dep't of Health and Human Services*, 554 F.3d 1046, 1055 n.5 (D.C. Cir. 2009). *See also Office of the Capital Collateral Counsel*, 331 F.3d at 803 n.5 ("Cases examining exemption 7(C) [ ] provide guidance for identifying the relevant public and private interests in the exemption 6 context"). The requesting party must "produce evidence that would warrant a belief by a reasonable person that the alleged Government impropriety might have occurred." *See Favish*, 541 U.S. at 17. *See also Judicial Watch, Inc. v. U.S. Dep't of Homeland Sec.*, 598 F. Supp.2d 93 (D.D.C. 2009) (under Exemption 7(C), "[t]he extra burden established by *Favish* only applies when the requestor asserts government negligence or improper conduct"); *Consumers' Checkbook*, 554 F.3d at 1055 n.5 (importing Exemption 7(C) requirement of additional evidence of agency negligence into Exemption 6 analysis).

The plaintiffs argue that they need not submit any evidence to satisfy this burden because Mr. Coll is a "responsible official" and his guilty plea indicates "government impropriety." This argument misses the mark. Mr. Coll was a Navy official, but his guilty plea does not show that the FBI's investigation of his conduct or the DOJ prosecution was improper. In addition, the plaintiffs do not allege (or set forth evidence) that Mr. Coll's illegal conduct was taken in his capacity as a government official, or in furtherance of agency action, and therefore his guilty plea is not evidence that the Navy took any improper actions. As such, Mr. Coll's conduct cannot "warrant a belief by a reasonable person" that *government* impropriety occurred. The plaintiffs also claim that "the government officials who investigated [Mr.] Coll's illegal conduct" are the "responsible officials." But, as discussed above, they offer no evidence whatsoever that the government officials investigating Mr. Coll acted negligently or improperly. Accordingly, the plaintiffs have not met their burden to establish a public interest in these records.

### c. BALANCING THE INTERESTS

When balancing private and public interests under Exemption 6, the threshold question is "whether disclosure of the files would compromise a substantial, as opposed to *de minimis*, privacy interest." *See Multi Ag Media LLC v. Dep't of Agric.*, 515 F.3d 1224, 1229 (D.C. Cir. 2008). "A substantial privacy interest is anything greater than a *de minimis* privacy interest." *Id.* at 1229-30. Moreover, where there is no cognizable public interest in the records, "a very slight privacy interest would suffice to outweigh the relevant public interest," and a court need "not be exact in [its] quantification of the privacy interest as long as the interest in nondiscosure is not insubstantial." *See FLRA*, 510 U.S. at 500. Here, Mr. Coll's and the third parties' privacy interests are not *de minimis*. *See id.* (finding that disclosure of personal identifying information is not insubstantial).

Because the plaintiffs have asserted no cognizable public interest and because "the privacy interest at issue here is more than *de minimis*, [a] [c]ourt need not linger over the balance; something outweighs nothing every time." *See FLRA*, 510 U.S. at 500; *Schwaner v. Dep't of the Army*, Case No. 09-0476, 2010 WL 938802, at *5 (D.D.C. 2010). Accordingly, I find that the documents were properly withheld by the Navy under Exemption 6. In the alternative, and similar to my conclusion under Exemption 7(c), even if I were to accord weight to the public interest in learning the extent of Mr. Coll's wrongdoing, I find that the substantial privacy interests of Mr. Coll and the third parties mentioned in the documents outweighs the public interest in learning the extent of his unlawful

conduct. Moreover, I find that none of these records contain reasonably segregable portions subject to release. *See* § 552(b).

### C. DOCUMENTS NOT ON THE *VAUGHN* INDEX

The government also provided a set of documents for *in camera* review described in its notice regarding *in camera* production and *Vaughn* index [D.E. 50] as follows: "The originating agency is not apparent from review of the documents. . . . Also, it is not clear as well from the face of the documents whether they are in fact responsive to plaintiff Tamayo's FOIA requests"; and "A *Vaughn* index has not been prepared as to these documents; however, they are, with the exception of one page, all of a particular type and contain names and identifying information regarding third parties (including Alberto Coll) and, thus, would be withheld pursuant to FOIA Exemptions (b)(6) and/or (b)(7)(C)." Despite responding to the remainder of the government's notice [D.E. 52], the plaintiffs did not protest the fact that these documents were not on a *Vaughn* index. Nor did they contest the government's assertion that they may not be subject to the FOIA request. Accordingly, I find that the plaintiffs have abandoned any claims regarding these documents. *See Maynard v. C.I.A.*, 986 F.2d 547, 567 n.22 (1st Cir. 1993) (plaintiff waives claims concerning FOIA exemptions by not challenging the bases for withholdings).

### VI. CONCLUSION

In conclusion, the defendants' motion for summary judgment [D.E. 27] is GRANTED and the plaintiffs' motion for summary judgment [D.E. 35] is DENIED. A final judgment will be issued separately.

DONE and ORDERED in chambers in Miami, Florida, this 18th day of June, 2010.

_____
Adalberto Jordan
United States District Judge

Copy to:     All counsel of record